UNITED STATES of America, Plaintiff,

v.

Thompson B. SANDERS, Daniel Dewey, David Lee Pelleu and Daniel Kolton, Defendants.

No. 88 CR 104.

United States District Court,
N.D. Illinois, E.D.

Aug. 18, 1988.

---

Dan Webb, Winston & Strawn, Steven Senderowitz, Chicago, Ill., for Thompson B. Sanders.

Michael Pasano, Zuckerman Spaeder Taylor & Evans, Coral Gables, Fla., for Daniel Dewey.

Luis Galvan, Asst. Federal Defender, Chicago, Ill., for David Lee Pelleu.

Michael Sher, Chicago, Ill., for Daniel Kolton.

James Conway, Asst. U.S. Atty., Chicago, Ill., for U.S.

## MEMORANDUM ORDER

ASPEN, District Judge:

Currently before the Court is defendant Thompson B. Sanders' motion in limine to prohibit the government's use of two videotapes, "The Trading Floor" and "Where the World's Market Forces Converge," to provide the jury with a general background education concerning commodities trading. These two educational videotapes were created for and used in the visitor's center at the Chicago Board of Trade. Sanders objects to the tapes as hearsay. He also objects that the tapes contain "promotional" and other irrelevant segments.

As to the hearsay objection, the government responds that the two tapes come within the "other exceptions" hearsay exception of F.R.E. 803(24). That rule, in pertinent part, provides the following:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstancial guarantees of trustworthiness, if the Court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

■ Sanders does not dispute the trustworthiness of the tapes, that they are being offered as evidence of a material fact nor that the purposes of justice and the rules of evidence will not be served by the admission of these tapes. Rather, Sanders argues that under 803(24)(B) the tapes are not more probative on the point for which they are offered than any other evidence which the government could procure through reasonable effort. The government agrees that it could provide a witness to testify as to the mechanics of the Chicago Board of Trade. The government, however, does not believe that this witness will be as effective as the tapes in explaining to the jury what actually happens on the Chicago Board of Trade. The Court has had an opportunity to view these tapes, and we find them unobjectionable. A typical use of 803(24) is to provide a hearsay exception for the use of "Day in the Life" films in personal injury cases. *See Grimes v. Employers Mutual Liability Insurance Co.,* 73 F.R.D. 607, 610–11 (D.Alaska 1977); J. Buchanan & C. Bos, *How to Use Video in Litigation* 208–11 (1986). After viewing these tapes, we conclude they can be described as a day in the life of the Chicago Board of Trade; accordingly, we find they are admissible under the "other exceptions" provision, F.R.E. 803(24).

■ We also do not find the short "promotional" and otherwise irrelevant segments prejudicial to Sanders in any way. These harmless segments help in the continuity of the "Day in the Life" message of the films and need not be edited.

For these reasons, the tapes are admissible. Although we are not prohibiting the use of the tapes, the government may wish to consider whether it need to show *both* tapes to the jury. Finally, we invite defense counsel to submit to the Court cautionary limiting instructions so that the jury can be properly instructed as to the evidential purpose of these tapes. It is so

ordered.*

See also 691 F.Supp. 1074.

---

* On another matter, Sanders has moved that we order the government not to disclose during the direct examination of Daniel Dewey that Dewey has pled guilty. Sanders argues that this information should be brought out by the government on re-direct examination only if the cross-examination of Dewey indicates that disclosing this information is justified. For the reasons set forth in our previous ruling on Sanders' motion in limine to prohibit disclosure of Dewey's plea, this motion is also denied. It is so ordered.